WALLER, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 30. I agree with the majority that the chancellor correctly refrained from deciding the issues regarding which faction of the church should prevail and that the chancellor properly asserted jurisdiction over the lawsuit as it pertained to the ownership and control of the church property. However, I disagree with the majority’s conclusion that the chancellor’s order divesting ownership of the real and personal property of the church was improper.
¶ 31. The chancellor was faced with an impossible situation that included threats of violence, bitterness and hatred between the members of the congregation and unyielding viewpoints. It was evident that the congregation would never resolve their problems. The chancellor fashioned the best remedy possible under the circumstances. He was empowered to make that decision by the rules of equity. As we have stated:
The remedial powers of our chancellors are sufficient to vindicate the claims and interests of all litigants. Those powers are as broad as equity and justice require. Those powers have always been marked by flexibility and expansiveness so that appropriate remedies may be decreed to satisfy the needs of the particular case. The chancellor’s remedial powers are marked by plasticity. Equity jurisdiction permits innovation that justice may be done. That there is no precedent for the precise relief sought is of no consequence.
Courts of equity have all remedial powers necessary to the particular case, except those that are expressly forbidden by law. Accordingly, we look to our law to see if impression of a lien to enforce compliance with an injunction is a power forbidden to the chancellor by our law: We find no statutory or deci-sional impediment to such power, nor is there apparent in juridical logic any rationale under which this power ought be denied our chancellors.
Hall v. Wood, 443 So.2d 834, 842-43 (Miss.1983) (citation omitted).
¶ 32. The chancellor did not exercise a power forbidden to him by our law. He had the power to decide the ultimate disposition of the property. Therefore, I would affirm the chancellor’s decision to force the sale of the property of the church.
DIAZ, J., JOINS THIS OPINION.